UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EURYIA DIABLO MOBLEY,

        Plaintiff,

v.                           Case No. 8:07-cv-1833-T-33EAJ

DEPUTY MARK MANAHUGH,
DEPUTY MICHAEL SPIRES,
In their individual capacities,

        Defendants.

## O R D E R

This cause is before the Court on Defendants' motion for summary judgment with affidavits and exhibits in support of the motion (Doc. Nos. 62, 63, 64) and Plaintiff's response in opposition to the motion for summary judgment with affidavits and exhibits. (Doc. Nos. 67, 68, 69).

Plaintiff Mobley, an inmate incarcerated at Moore Haven Correctional Facility, Moore Haven, Florida, on charges unrelated to the present complaint, filed a 42 U.S.C. § 1983 civil rights complaint on October 3, 2007. Mobley is proceeding on his amended complaint (Doc. No. 54) (hereinafter "amended complaint" or "complaint") in which he raises the following claims:

> Count I alleges an unlawful search by defendants Montague and Spirk that deprived Mobley of his rights under the Fourth Amendment to the United States Constitution.

Count II alleges malicious prosecution based on the fabricated and false information provided to prosecutors by defendants in their arrest affidavit and reports that deprived Plaintiff of his rights under the Fourth Amendment to the United States Constitution.

Count III alleges that the Defendants supplied false information in "probable cause to search and arrest affidavit" to establish probable cause to search, thereby depriving Plaintiff of his "rights under the search and seizure clause of the Fourth Amendment to the United States Constitution."

Count IV alleges that the defendants deprived Plaintiff of the right to recover belongings from his motel room and continues to deprive him of his lose [sic] and rights under the Fourth and Fourteenth Amendments of the United States Constitution. **Plaintiff abandoned Count IV in his response in opposition to Defendants' motion for summary judgment. (See Doc. No. 67, p. 13).**

Count V alleges that the Defendants were responsible for Plaintiff's unlawful detention caused by the unlawful search and the evidence seized in that unlawful search of Plaintiff's motel room, causing Plaintiff to be detained in jail for approximately twenty-four days.

Count VI alleges the Defendants' unlawful entry [into Plaintiff's motel room] without a warrant, valid consent, or exigent circumstances, depriving Plaintiff of his rights under the Fourth Amendment to the United States Constitution.

Mobley seeks nominal, compensatory and punitive damages.

## FACTUAL BACKGROUND

During all of the times relevant to Mobley's complaint, the Defendants were sworn Tampa Police Department law enforcement officers.

On May 5, 2003, the Tampa Police Department received a call for service from Richard Alan Newton alleging that he was the victim of a robbery. Officer Michael Spirk and Officer Fortunato responded to the call and took a statement from Mr. Newton. (Doc. No. 64, Spirk Aff. ¶ 4-6). Mr. Newton reported that Mobley threatened him with a firearm and drove him to the bank and forced him to withdraw money. Mr. Newton also alleged that Mobley was accompanied by another man during the ride to the bank. (Doc. No. 64, Spirk

Aff. ¶ 8). As Officer Spirk interviewed Mr. Newton, Mobley drove into the parking lot and Mr. Newton identified Mobley as the suspect. (Doc. No. 64, Spirk Aff. ¶ 9). Officer Spirk and Officer Fortunato went to the back of the motel to try to talk to Mobley. When the officers arrived at the back of the motel, Mobley was already on the third floor. (Doc. No. 64, Spirk Aff. ¶ 10; Complaint ¶ 8). Officer Spirk called out to Mobley who motioned for him to wait a minute and Mobley approached room #385. (Doc. No. 64, Spirk Aff. ¶11). Officer Spirk saw Mobley remove what appeared to be a black firearm from his waistband and place it inside the room. (Doc. No. 64, Spirk Aff. ¶11).

Mobley then went downstairs to talk to Officer Spirk and Officer Fortunato. (Doc. No. 64, Spirk Aff. ¶ 12). Officers Spirk and Fortunato advised Mobley about the robbery allegation and when Mobley became upset, he was handcuffed for the officers' safety. After being asked, Mobley advised that a man called "Little Head" was in the motel room. Officer Spirk called for backup and Officer Mark Montague and other units arrived on the scene. (Doc. No. 64, Spirk Aff. ¶16; Doc. No. 63, Montague Aff. ¶ 3). Mobley advised Officer Montague that a man called "Little Head" was in the room.

Officer Montague asked Mobley for permission to search the motel room for guns. Mobley declined the request. (Complaint ¶ 9; Doc. No. 64, Spirk Aff. ¶17; Doc. No. 63, Montague Aff. ¶ 6). Officer Montague, Officer Spirk and Officer Fortunato went to room #385 and knocked on the door. Elizabeth Ramos answered the door. (Doc. No. 64, Spirk Aff. ¶ 19; Doc. No. 63, Montague Aff. ¶ 7). Ms. Ramos was asked where "Little Head" was and she motioned toward the bathroom. The officers called for "Little Head" to exit the bathroom and he finally did so. Ms. Ramos was asked if the room could be searched for guns. (Doc. No. 63, Montague Aff. ¶ 9-10; Doc. No. 64, Spirk Aff. ¶ 20, Exhibit A to

3

Complaint, ¶1) Officers Spirk and Fortunato searched the room, finding two firearms, ammunition, and illegal narcotics. (Doc. No. 64, Spirk Aff. ¶21; Doc. No. 63, Montague Aff. ¶14) Officer Montague did not participate in the search. (Doc. No. 63, Montague Aff. ¶ 13). Mobley was arrested for armed robbery, kidnaping, possession of cocaine, and possession of marijuana. (Doc. No. 64, Spirk Aff. ¶ 22)

**The State Attorney's Office filed an Information charging Mobley with being a felon in possession of a firearm in case number 2003-CF-7560.** He was not charged with armed robbery, kidnaping, possession of cocaine, or possession of marijuana.

During the criminal case, Mobley, through an assistant public defender, filed a motion to suppress the firearms. On November 18, 2003, Circuit Judge Ronald Ficarrotta heard the testimony of Officer Spirk, Officer Montague, Elizabeth Ramos and Mobley. The Court granted the Motion to Suppress and the charges were nolle prossed on November 18, 2003. (Complaint, Exhibit B).

**Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment**

Plaintiff alleges that "Defendant(s) unlawfully entered and searched plaintiff's motel room #385" without a warrant or valid consent from Mobley causing him to be "maliciously prosecuted in the judicial proceedings of criminal court case # 03-CF-7560. In which the Defendant's [sic] did engage in deceptive tactics by falsely alleging that Elizabeth Ramos gave them consent to search the plaintiff's motel room." (Doc. No. 67 at p. 4). Mobley alleges that Elizabeth Ramos never gave Defendant(s) Montague nor Spirk consent to search Mobley's motel room at any time on May 5, 2003. He further alleges that Ms. Ramos never had authority over his motel room "to be able to give a valid consent to search the motel room."

Mobley claims that Defendants knowingly and intentionally supplied false information, i.e., the consent to search by Ms. Ramos, "inside his Agency Report 03-194775" with the intention of misleading the State Attorney's Office that they legally entered and searched Mobley's motel room. (See attached copy of Agency Report 03-194775). He claims that the Officers illegally entered and searched his motel room without a warrant or consent. (Doc. No. 67 at pp. 5-6).

Standards of Review

Standard of Review for Qualified Immunity

Qualified immunity protects officials performing discretionary functions from liability "where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Strock v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). As long as an official's conduct is not unlawful, the doctrine of qualified immunity exempts government official from damage suits to enable them to perform their responsibilities without threats of liability. *Hutton v. Strickland*, 919 F.2d 1531, 1536 (11th Cir. 1990). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995)(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

A government official's conduct is evaluated under an "objective legal reasonableness" standard. *Koch v. Rugg*, 221 F.3d 1283, 1295 (11th Cir. 2000). Subjective intent is irrelevant to the issue *Id.* Under the "objective legal reasonableness" standard, a government official performing discretionary functions is protected if "a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and

the information possessed by the official at the time of conduct occurred." *Hardin v. Hayes,* 957 F.2d 845, 848 (11th Cir. 1992). The Supreme Court has set forth a two part analysis to be applied to a defense of qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier v. Katz,* 533 U.S. 194, 201 (2001). The threshold inquiry a court must undertake is whether Mobley's allegations, if true, establish a constitutional violation. If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Saucier*, 533 U.S. at 201. However, if a constitutional right would have been violated under Mobley's version of the facts, the next sequential step is to ask whether the right was clearly established. *Id.*; *Strock*, 354 F.3d at 1314. The *Saucier* analysis is still an appropriate consideration in qualified immunity cases but the sequence of analysis should not be regarded as an inflexible requirement in all cases. *Pearson v. Callahan*, 129 S. Ct. 808 (2009).

In *Saucier*, the Supreme Court stated that the relevant query is whether it "would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. In *Hope,* the Supreme Court refined the *Saucier* query, holding that the "…salient question… is whether the state of law gave [the officers] fair warning that their alleged treatment [of Mobley] was unconstitutional." The *Hope* Court emphasized that officers sued in a section 1983 action have a "right to fair notice." 536 U.S. at 739. To demonstrate that summary judgment is appropriate on a qualified immunity defense, the defendant must show that he is entitled to judgment as a matter of law, and that there are no genuine issues of material fact pertinent to that law. *Sims v. Metro Dade County*, 972 F.2d 1230, 1233-34 (11th Cir. 1992)(citing *Rich v. Dollar*, 841 F.2d 1558, 1562 (11th Cir. 1988)).

In the Eleventh Circuit, "for the law to be clearly established to the point that qualified

immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors in the defendants' place, that what he is doing violates federal law." *Jenkins v. Talladega City Board of Education*, 115 F.3d 821, 823 (11th Cir. 1997)(en banc)(citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"[A] public official is entitled to qualified immunity unless, at the time of the incident, the preexisting law dictates, that is, truly compel[s], the conclusion for all reasonable similarly situated public officials that what [the official] was doing violated [the plaintiff's] federal rights in the circumstance." *Wilson v. Zellner*, 200 F.Supp. 2d 1356, 1360 (M.D. Fla. 2002), (citing *Marsh v. Butler County*, 268 F.3d 1014, 1030-31 (11th Cir. 2001)(en banc)).

Standard of Review for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *See id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file,"

designate specific facts showing there is a genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *See Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences n favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir. 1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *See Augusta Iron & Steel Works v. Employers Ins. of Wausau,* 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## DISCUSSION

### Unlawful Entry and Search: Counts I and VI

Mobley alleges that Mark Montague and Michael Spirk unlawfully entered and searched his motel room on May 5, 2003. Mobley's claims have no merit because the protection of qualified immunity applies regardless of whether the government official's error is a mistake of fact, mistake of law, or a mistake based on mixed questions of law and fact. *Groh v. Ramirez*, 540 U.S. 551, 567 (2004).

In 2003, the controlling law held that a co-occupant did not have the authority to consent to the search of premises that were jointly controlled or occupied if the target of the search was present and non-consenting. *Matlock v. U.S.*, 415 U.S. 164, 171 (1974); *Silva v. State,* 344 So. 2d 559 (Fla. 1977); *Saavedra v. State*, 622 So. 2d 952 (Fla. 1993). Here, the Defendants were mistaken about the facts and law in that they believed that a co-occupant could consent to a search over the objection of a present and non-consenting occupant. There is no evidence in this case that the Defendants intentionally and knowingly violated the law May 5, 2003. Moreover, there is no evidence, such as omitting or secreting Mobley's denial of consent, which lends itself to any suggestion the Defendants acted in bad faith. Defendants believed that Ms. Ramos could legally give consent to search the motel room and that she did so. (Doc. No. 63, Montage Aff. ¶ 9-11; Doc. No. 64, Sprik Aff. ¶20). The Defendants' belief is supported by the fact that Officer Montague asked Ms. Ramos for consent to search the motel room.

Qualified immunity still shields an officer from suit, even when a decision is constitutionally deficient, where an officer reasonably misapprehends the law governing the circumstances. *Brousseau v. Haugen*, 543 U.S. 194 (2004). The Defendants misapprehended the law regarding whether Ms. Ramos had the authority to consent but are still entitled to qualified immunity.

9

Therefore, Defendants are entitled to summary judgment based on qualified immunity on counts I and VI.

**Malicious Prosecution: Count II and Count III**

In order to prove malicious prosecution pursuant to § 1983, Mobley must prove the elements of the common law tort and a Fourth Amendment violation of his right to be free from an unreasonable seizure. *Kingsland v. City of Miami*, 382 F. 3d 1220 (11th Cir. 2004). Under Florida law, a plaintiff must establish six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Durkin v. Davis*, 814 So.2d 1246, 1258 (Fla. 2d DCA 2002) (citing *Burns v. GCC Beverage Inc*, 502 So. 2d 1217 (Fla. 1986)).

Mobley cannot prove that the Defendants were the legal cause of the judicial proceeding against him. The Eleventh Circuit has consistently held that intervening acts of the prosecutor will break the chain of causation if the police do not improperly influence the prosecutor or engage in deceptive tactics. *Eubanks v Gerwen*, 40 F. 3d 1157, 1160-61 (11th Cir. 1994); *Barts v. Joyner*, 865 F. 2d 1187, 1195 (11th Cir. 1989). Mobley alleges that the Defendants were the legal cause because they falsified the documents that the prosecutor reviewed. Mobley alleges that the false information pertained to Ms. Ramos' consent and Mobley asserts that Ms. Ramos never gave consent to search the room.

10

However, Ms. Ramos' consent or lack of consent is an immaterial fact in this case because she did not have the authority to consent to a search of the motel room.

There is no evidence that the Defendants consulted with the State Attorney or participated in the State Attorney's decision to file charges against Mobley. Moreover, there is no evidence that the State Attorney filed the felon in possession of firearm charges based on what was contained in the police report. Even if this Court inferred that the State Attorney reviewed Agency Report Number 03-194775 prior to filing charges, the Court would not find that the report contains information allowing an inference that any information was false or that the information misled the prosecutor. Mobley **was not arrested** on May 5, 2003 for being a felon in possession of a firearm,[1] yet this was the only charge filed by the State Attorney.[2]  It is reasonable to infer that the State Attorney unilaterally decided which charges he would prosecute and that the officer Defendants were not the legal cause of the original proceeding.  Mobley has not met the elements to prove malicious prosecution and the Defendants are entitled to summary judgment on counts II and III because no genuine issues of material fact remain as to these claims.

**Unlawful Detention: Count V**

Mobley alleges on page six of his amended complaint that his unlawful detention stemmed from the unlawful search of his motel room. While an arrest without probable cause violates the right to be free from an unreasonable seizure, *Durruthy v. Pastor*, 351

---

[1] Mobley was arrested for robbery with a weapon, armed kidnaping, possession of cocaine, and possession of cannabis.  The Court takes judicial notice of Hillsborough Sheriff's Office website for booking number 03026084.

[2] The Court takes judicial notice of the Hillsborough County Clerk of Court progress docket for Case #03-cf-7560 showing that the State Attorney filed filed one charge against Mobley -- felon in possession of a firearm.

F.3d 1080, 1087 (11th Cir. 2003), the existence of probable causes creates an absolute bar to a section 1983 action for false arrest. *Marx v. Gumbinner*, 905 F. 2d 1503 (11th Cir. 1990). An officer is entitled to qualified immunity on a section 1983 claim of false arrest where the officer had "arguable probable cause," or where "reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendants could have believed that probable cause existed to arrest" Mobley. *Redd v. City of Enterprise, Alabama,* 140 F.3d 1378, 1382 (11th Cir. 1998); *Strock,* 354 F.3d at 1314-15. The key element in "arguable probable cause" is what information the officer knew or had at the time of the arrest to warrant a prudent person to believe that the suspect had committed an offense. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975); *Strock*, 354 F.3d at 1315; *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). Probable cause is purely a matter of law for the court where material facts are undisputed. *Martinez v. Brink's Inc.*, 171 Fed. Appx. 263 (11th Cir. 2006).

In this case, the police were called to the motel on May 5, 2003, because Mobley had allegedly robbed Richard Newton. The police took a statement from, and believed Richard Newton when Newton told them that he had been threatened and made to go to the bank to withdraw money. There is no evidence that the police doubted, or had any reason to doubt, Mr. Newton's statements. The facts demonstrate that Officer Spirk observed Mobley return to the motel; Mr. Newton identified Mobley as the robbery suspect when Mobley drove into the lot; and Officer Spirk saw Mobley remove what appeared to be a black firearm from his waistband at the door of room 385. Mobley was arrested for armed robbery and kidnaping of Richard Newton. Mr. Newton's testimony was sufficient to establish arguable probable cause to arrest Mobley. Thus, Plaintiff was not arrested

solely because of the items found in his motel room. There was probable cause for Mobley's criminal offense arrest on May 5, 2003, that did not stem from the search of Mobley's motel room. *See Lee v. Ferraro*, 284 F. 3d 1188, 1195-96 (11th Cir. 2002).

Defendants are entitled to summary judgment based on qualified immunity as to count V.

Accordingly, the Court orders:

That Defendants' motion for summary judgment, based partly on qualified immunity, (Doc. No. 62) is granted. The Clerk is directed to enter judgment for Defendants and to close this case.

ORDERED at Tampa, Florida, on December 2, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Euryia D. Mobley